IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEVEN W. WOODSON, JR.,           )
                                  )
        Plaintiff,                )
                                  )
    v.                            )   Case No. 1:20-cv-288
CHARLES CRISSMAN -PSS, *et al.*,  )
                                  )
        Defendants.               )

## MEMORANDUM ORDER

In this *pro se* civil rights action, Plaintiff Steven W. Woodson, Jr. has asserted claims under 42 U.S.C. §1983 and Pennsylvania law against various individuals employed at SCI-Forest, where he is incarcerated. This Memorandum Order concerns Plaintiff's claims against Nurse Practitioner (CRNP) Angel Gressel ("Gressel").[1]

Plaintiff's Amended Complaint, ECF No. 27, is the operative pleading at this juncture. As against Defendant Gressel, Plaintiff asserts claims for negligence as well as claims under 42 U.S.C. §1983 for the alleged violation of his Eighth Amendment and Fourteenth Amendment rights. The claims are predicated on Plaintiff's averment that Gressel and the other Defendants deliberately ignored his threats to commit acts of self-harm. ECF No. 27 at ¶¶12-39. The case has been referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.

On March 30, 2021, Defendant Gressel filed a motion to dismiss all claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 34, 35. Thereafter, Plaintiff

---

[1] Plaintiff also sued four employees of the Pennsylvania Department of Corrections -- Charles Crissman, Jodi Sheesly, Scott C. Smith, and Buck Hetrick, all of whom are represented by different counsel. The Court has addressed the claims against these Defendants in a separate Memorandum Order.

1

filed a brief in opposition, ECF No. 39, as well as an "Unsworn Affidavit"[2] in which he states that he is "not able to adequately present the facts essential to justify [his] opposition" to the Defendants' motion to dismiss. ECF No. 38. Plaintiff represents that he will "require time to conduct discovery and seek affidavits which will support [his] claim as fully as is possible"; therefore, "discovery itself is essential." *Id.* Gressel filed a reply on May 19, 2021, making her motion ripe for disposition. ECF No. 40.

On October 28, 2021, Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") in which he recommended that Gressel's motion to dismiss be granted in part and denied in part. ECF No. 44. With respect to Plaintiff's §1983 Eighth Amendment claim, Judge Lanzillo found that Plaintiff had plausibly alleged an intentional refusal on the part of Gressel to provide care, which could constitute deliberate indifference to Plaintiff's serious medical needs. With respect to Plaintiff's §1983 Equal Protection claim, Judge Lanzillo noted that Plaintiff had alleged (in conclusory fashion) that he was treated differently than unidentified "others" in prison but had not pleaded any facts to suggest that this difference in treatment was based upon a prohibited classification, such as race or religion. To the extent Plaintiff intended to assert an Equal Protection claim under a "class of one" theory, Judge Lanzillo found that no facts had been pled to show that Plaintiff was intentionally treated differently than other similarly situated prisoners and that the treatment was not "reasonably related" to "legitimate penological interests." ECF No. 44 at 6 (quoting *Brayboy v. Johnson*, 2018 WL 6018863, at *11 (E.D. Pa. Nov. 16, 2018)).

With respect to Plaintiff's state law negligence claim, Judge Lanzillo noted that Plaintiff has not filed a certificate of merit, as is generally required in medical malpractice actions under

---

[2] Although styled as an "Unsworn Affidavit," Plaintiff's submission appears to be, and is construed as, an unsworn declaration which conforms to the requirements of 28 U.S.C. §1746.

2

Rule 1042.3 of the Pennsylvania Rules of Civil Procedure. Judge Lanzillo further observed that, under Pennsylvania law, medical malpractice claims are those that raise questions of "medical judgment" that occurred "within the course of a professional relationship." *See* ECF No. 44 at 8 (quoting *Brownstein v. Geida*, 2009 WL 2513778 (M.D. Pa. Aug. 13, 2009) and *Ditch v. Waynesboro Hosp.*, 917 A.2d 317, 321-22 (Pa. Super. Cot. 2007)). Although Judge Lanzillo found that the negligence claim in this case arose "within the course of a professional relationship," he concluded that it was unclear whether Plaintiff's claim "raised questions of medical judgment beyond the realm of common knowledge and experience." ECF No. 44 at 9 (quoting *Ditch*, 917 A.2d at 321-22). Judge Lanzillo opined that, to the extent Plaintiff's negligence claim alleges a complete denial of care, the claim should proceed to discovery, because no expert testimony would be required to support such a claim. At the same time, however, Judge Lanzillo opined that Plaintiff's failure to provide a certificate of merit should preclude him from arguing that any care he did receive fell below generally acceptable medical standards.

On November 16, 2021, Plaintiff filed objections, ECF No. 45, which are primarily directed at Judge Lanzillo's R&R addressing claims against the Department of Corrections employees. *See* fn. 1, *supra*. In relevant part, however, Plaintiff insists that his "affidavit [ECF No. 38] was in accordance with Fed. R. Cv. P. Rule 56(d), and should have covered [his] inability to meet the burden of establishing a 'class of one' equal protection claim without being able to conduct discovery first." *Id.*

After conducting an independent review of the current record, the Court finds itself in agreement with Judge Lanzillo's analysis. Plaintiff's objections, therefore, will be overruled, to the extent they relate to his claims against Defendant Gressel. His invocation of Federal Rule of

Civil Procedure 56(d) has no relevance at the present stage of proceedings, where the Court is not evaluating the sufficiency of the evidence, but rather is evaluating only the sufficiency of Plaintiff's own allegations. At this point in the proceedings, it is incumbent upon Plaintiff to allege facts which, if proven, will establish a plausible basis for relief under the various theories he is asserting. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a complaint must include factual allegations that "state a claim to relief that is plausible on its face") (citing *Twombly*, 550 U.S. at 570); *see also Real-Loomis v. Bryn Mawr Tr. Co.*, No. CV 20-0441, 2021 WL 1907487, at *6 n.11 (E.D. Pa. May 12, 2021) ("Plaintiff is not entitled to what would essentially amount to pre-complaint discovery, were this Court to ignore the pleading requirements of *Iqbal* and *Twombly* by permitting insufficient claims to proceed to discovery.").

On the other hand, Plaintiff might be able to uncover facts supportive of his equal protection theory outside of a formal discovery process through, *e.g.,* contact with fellow prisoners. Because the Court is not in a position to say that further amendment would be entirely futile, the Court will give Plaintiff an opportunity to amend his equal protection claim against Defendant Gressel, to the extent he believes he can do so in good faith. *See Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017) (observing that leave to amend should be granted in a civil rights case – irrespective of whether it is requested – unless further amendment would be "inequitable or futile"). To that end, any amended allegations must conform to the requirements of Rule 11, meaning that: (1) they must not be presented for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) any claims or "other legal contentions" must be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and (3) any "factual contentions" must "have evidentiary support or, if specifically so identified, . . . likely

4

have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b).

In sum, after *de novo* review of the Defendant Gressel's motion to dismiss, all filings related thereto, the Magistrate Judge's Report and Recommendation, and Plaintiff's objections to the Report and Recommendation, the following order is entered:

NOW, this 20th day of December, 2021;

IT IS ORDERED that the Motion to Dismiss filed by Defendant Angel Gressel, CRNP, ECF No. [34], shall be, and hereby is, GRANTED in part and DENIED in part as follows:

1. The Motion is DENIED insofar as it relates to Plaintiff's Eighth Amendment claim under 42 U.S.C. §1983 as well as Plaintiff's state law negligence claim predicated upon a complete denial of care;

2. The Motion is GRANTED insofar as it relates to Plaintiff's Fourteenth Amendment Equal Protection claim under 42 U.S.C. §1983 as well as Plaintiff's state law negligence claim predicated upon alleged medical negligence.

Consistent with the foregoing, IT IS ORDERED that Plaintiff's state law negligence claim predicated upon alleged medical negligence shall be, and hereby is, DISMISSED with prejudice, as further amendment of that claim would be futile.

IT IS FURTHER ORDERED that Plaintiff's §1983 Equal Protection claim against Defendant Gressel is dismissed without prejudice to Plaintiff's right to reassert this claim, if he so chooses, in a Second Amended Complaint. **If Plaintiff opts to file a Second Amended Complaint, that pleading must include <u>ALL claims</u> that Plaintiff intends to pursue (including his currently pending Eighth Amendment §1983 claims), and it must be filed on or before January 28, 2022. In the event Plaintiff declines to file a Second Amended**

**Complaint on or before January 28, 2022, his §1983 Equal Protection claim against Defendant Gressel will be deemed abandoned, and the Court's dismissal of that claim will be converted to a dismissal with prejudice, without further notice.** In the event Plaintiff files a Second Amended Complaint, the DOC Defendants' response shall be due **within 14 days thereafter**.

Finally, IT IS ORDERED that the Report and Recommendation issued by United States Magistrate Judge Richard Lanzillo on October 28, 2021, ECF No. [44], is hereby adopted as the opinion of this Court, as set forth herein.

_Susan Paradise Baxter_
SUSAN PARADISE BAXTER
United States District Judge

cc: Steven W. Woodson, Jr.
MM6796
SCI Forest
P.O. Box 307
286 Woodland Drive
Marienville, PA 16239
(By U.S. mail, First Class)

All counsel of record.
(By CM/ECF)

The Honorable Richard A. Lanzillo
United States Magistrate Judge
(By CM/ECF)