IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN W. WOODSON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-288 |
| C. CRISSMAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

In this *pro se* civil rights action, Plaintiff Steven W. Woodson, Jr., an inmate at SCI-Forest, has asserted claims under federal and state law against four individuals employed by the Pennsylvania Department of Corrections ("DOC") at SCI-Forest. These DOC employees (collectively, the "DOC Defendants") include Charles Crissman ("Crissman"), Jodi Sheesly ("Sheesly"), Scott C. Smith ("Smith"), and Buck Hetrick ("Hetrick").[1] Plaintiff's Amended Complaint, ECF No. 27, the operative pleading, sets forth claims of negligence against all four DOC Defendants. *Id.* ¶50. Plaintiff also asserts claims under 42 U.S.C. §1983 against the DOC Defendants for the alleged violation of his Fourteenth Amendment right to equal protection under the law. *Id.* ¶¶ 47, 49. As to Defendants Crissman, Sheesly and Hetrick (but not Smith), Plaintiff asserts a §1983 claim for the alleged violation of his Eighth Amendment rights, based upon the Defendants' alleged deliberate indifference to his serious medical needs. *Id.* ¶48. The DOC Defendants are sued in both their official and individual capacities. *Id.* ¶10. The case has been referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in

---

[1] Plaintiff also sued Nurse Practitioner Angel Gressel, who is represented by different counsel. The Court is addressing the claims against Defendant Gressel in a separate Memorandum Order.

1

accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.

On March 29, 2021, the DOC Defendants filed a motion to dismiss Plaintiff's Equal Protection claims, negligence claims, and "official capacity" claims. ECF No. 31. Thereafter, Plaintiff filed a motion to voluntarily dismiss the "official capacity" and negligence claims against Defendants Smith and Hetrick. ECF No. 37. Judge Lanzillo granted this motion by order dated October 25, 2021. ECF No. 42. Plaintiff also filed an "Unsworn Affidavit"[2] in which he stated that he was "not able to adequately present the facts essential to justify [his] opposition" to the Defendants' motion to dismiss. ECF No. 38. Plaintiff represented that he would "require time to conduct discovery and seek affidavits which will support [his] claim as fully as is possible"; therefore, "discovery itself is essential." *Id.*

On October 28, 2021, Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") relative to the DOC Defendants' motion to dismiss. ECF No. 43. Judge Lanzillo recommended that the motion be granted as to Plaintiff's Equal Protection claims but denied as moot with respect to Plaintiff's negligence and "official capacity" claims, which Judge Lanzillo viewed as having already been dismissed with prejudice. *Id.*

Plaintiff filed objections to the R&R, ECF No. 45, which are now pending before this Court. In his objections, Plaintiff disputes that his "official capacity" and negligence claims against Defendants Crissman and Sheesly were previously dismissed. *Id.* at 1-2. Plaintiff correctly notes that his "Motion to Dismiss Certain Claims Against Defendants Scott C. Smith and Buck Hetrick" concerned only those two DOC Defendants, "not all of them." *Id.* Plaintiff contends that the negligence and "official capacity" claims against Defendants Crissman and

---

[2] Although styled as an "Unsworn Affidavit," Plaintiff's submission appears to be, and is construed as, an unsworn declaration which conforms to the requirements of 28 U.S.C. §1746.

Sheesly should be reinstated because "[42 Pa. C.S.A.] §8522(b)(2) and Pennsylvania Rule 1042.3(a)(3) allow [those] claims against Defendants Crissman and Sheesly to advance[.]" *Id.* at 1.  Moreover, Plaintiff insists that his "affidavit [ECF No. 38] was in accordance with Fed. R. Civ. P. Rule 56(d), and should have covered [his] inability to meet the burden of establishing a 'class of one' equal protection claim without being able to conduct discovery first." *Id.*

Plaintiff's objections are well-taken to the extent he observes that only the "official capacity" and negligence claims against Defendants Smith and Hetrick were previously dismissed.  Accordingly, the undersigned will deny the DOC Defendants' motion as moot only with respect to those particular claims.

In all other respects, however, Plaintiff's objections lack merit.  Plaintiff's remaining §1983 claims against Crissman and Sheesly in their official capacities are barred by the Eleventh Amendment to the U.S. Constitution, which make states generally immune from suit by private parties in federal court.  *See Foye v. Wexford Health Sources Inc.*, 675 F. App'x 210, 213 (3d Cir. 2017).  The immunity afforded by the Eleventh Amendment generally extends to monetary claims against state officials who are sued in their "official" capacities.  *See Saleem v. Doe*, 850 F. App'x 135, 137 (3d Cir. 2021) (*citing Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990)).  There are three situations where Eleventh Amendment immunity does not apply: (1) where Congress unequivocally abrogates the immunity pursuant to a valid exercise of its power; (2) where a state waives its immunity; and (3) where a claimant files suit against individual state officers for prospective relief to end an ongoing violation of federal law.  *MCI Telecom. Corp.*, 271 F.3d at 503; *Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195-97 (3d Cir. 2000).  None of those exceptions apply here.  *See Saleem*, 850 F. App'x at 137 (noting that "Pennsylvania retains Eleventh Amendment sovereign immunity from suit in federal court"; also noting that state

officials, in their official capacities, are not "persons" who can be sued for civil rights violations under §1983); *see also* 42 Pa. Cons. Stat. Ann. § 8521(b). Accordingly, Plaintiff's §1983 claims against Crissman and Sheesly in their official capacities will be dismissed with prejudice and without leave for further amendment.

With respect to Plaintiff's Equal Protection claims against the DOC Defendants, the Court agrees with Judge Lanzillo's assessment that Plaintiff has failed to allege a plausible violation of his rights. To state an equal protection claim, Plaintiff must allege that: (1) he was a member of a protected class; (2) he was treated differently from similarly situated persons outside of his protected class; and (3) the discrimination was purposeful or intentional rather than incidental. Where a plaintiff does not claim membership in a suspect or quasi-suspect class, the alleged state action is presumed to be valid and will be upheld if it is "rationally related to a legitimate state interest." *Tillman v. Lebanon County Corr. Facility*, 221 F.3d 410, 423-24 (3d Cir. 2000) (citing *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473, U.S. 432, 440-42 (1985)). "To establish a 'class of one' equal protection claim, a claimant 'must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment.'" *Joey's Auto Repair & Body Shop v. Fayette Cty.*, 785 F. App'x 46, 49 (3d Cir. 2019) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006)). Here, Plaintiff does not claim membership in a protected class, nor has he alleged facts suggesting that similarly situated individuals have received different treatment by the named Defendants. While Plaintiff generally avers that he was treated differently than unidentified "others" in the prison, this type of conclusory allegation is insufficient. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that a complaint must provide "more than labels and conclusions," and a "formulaic recitation of the

4

elements of a cause of action will not do."); *Perano v. Twp. of Tilden*, 423 F. App'x 234, 238 (3d Cir. 2011) ("At the motion to dismiss stage, plaintiff "must allege facts sufficient to make plausible the existence of such similarly situated parties.").

In an attempt to circumvent dismissal, Plaintiff seemingly invokes Rule 56(d) of the Federal Rules of Civil Procedure, which applies "When Facts Are Unavailable to a Nonmovant" defending a motion for summary judgment. *See* Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."). Rule 56(d), however, does not apply at the present stage of proceedings, where the Court is assessing the sufficiency Plaintiff's own allegations rather than the sufficiency of the evidence. Instead, at this juncture, it is incumbent upon Plaintiff to allege facts which state a plausible basis for relief under the various theories he is asserting. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a complaint must include factual allegations that "state a claim to relief that is plausible on its face.") (citing *Twombly*, 550 U.S. at 570); *see also Real-Loomis v. Bryn Mawr Tr. Co.*, No. CV 20-0441, 2021 WL 1907487, at *6 n.11 (E.D. Pa. May 12, 2021) ("Plaintiff is not entitled to what would essentially amount to pre-complaint discovery, were this Court to ignore the pleading requirements of *Iqbal* and *Twombly* by permitting insufficient claims to proceed to discovery.").

On the other hand, Plaintiff might be able to uncover facts supportive of his equal protection theory outside of a formal discovery process through, *e.g.*, contact with fellow prisoners. Because the Court is not in a position to say that further amendment would be entirely futile, Plaintiff will be given an opportunity to amend his equal protection claims against the

5

DOC Defendants in their individual capacities, to the extent he believes he can do so in good faith. *See Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017) (observing that leave to amend should be granted in a civil rights case – irrespective of whether it is requested – unless further amendment would be "inequitable or futile"). To that end, Plaintiff's amended allegations must conform to the requirements of Rule 11, meaning that: (1) they must not be presented for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) any claims or "other legal contentions" must be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and (3) any "factual contentions" must "have evidentiary support or, if specifically so identified, . . . likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b).

As noted, Plaintiff also objects to Judge Lanzillo's assumption that his negligence claims against Crissman and Sheesly were voluntarily dismissed. Plaintiff appears to be arguing that these claims are not barred by state sovereign immunity principles or the need for expert testimony and should therefore be allowed to proceed. To that end, he refers (in part) to 42 Pa. C.S.A. §8522(b)(2), which sets forth an exception to sovereign immunity for "[m]edical-professional liability" claims based upon "[a]cts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse or related health care personnel." Defendants, for their part, have not responded to Plaintiff's objections. They argued in their Rule 12(b)(6) brief that no exception to state sovereign immunity applies in this case, but they did not specifically address the theory that some or all of Plaintiff's claims might ostensibly fall within the ambit of 42 Pa. C.S.A. §8522(b)(2). Thus, the issue has been implicitly joined, but not meaningfully debated.

6

Based upon its *de novo* review of the existing record, the Court finds that Plaintiff's averments cannot presently be construed as asserting a claim against Crissman and Sheesly for "medical-professional liability" within the meaning of 42 Pa. C.S.A. §8522(b)(2). In the Amended Complaint Crissman and Sheesly are each alleged to hold the title "PSS," but no other facts are provided from which this Court can plausibly infer that Crissman and Sheesly are "related health care personnel" for purposes of §8522(b)(2). Nor, however, can the Court say that Plaintiff's claims are "futile" in this regard. The Court will therefore allow Plaintiff an opportunity to replead his negligence claims against Crissman and Sheesly, to the extent he can do so consistent with Federal Rule of Civil Procedure 11, discussed above.

In sum, after *de novo* review of the DOC Defendants' motion to dismiss, all filings related thereto, the Magistrate Judge's Report and Recommendation, and Plaintiff's objections to the Report and Recommendation, the following order is entered:

NOW, this 20th Day of December, 2021;

IT IS ORDERED that the Corrections Defendants' Motion to Dismiss Amended Complaint, ECF No. [31], shall be, and hereby is, GRANTED in part and DENIED in part as follows:

1. The motion is DENIED as moot insofar as it pertains to Plaintiff's state law negligence claims and "official capacity" §1983 claims against Defendants Smith and Hetrick;

2. The motion is GRANTED insofar as it relates to Plaintiff's §1983 claims against Defendants Crissman and Sheesly in their official capacities;

3. The motion is GRANTED insofar as it relates to Plaintiff's §1983 Equal Protection Claims against Defendants Crissman, Sheesly, Smith, and Hetrick in their individual capacities; and

4. The motion is GRANTED insofar as it relates to Plaintiff's state law negligence claims against Defendants Crissman and Sheesly.

Consistent with the foregoing, IT IS ORDERED that Plaintiff's official capacity §1983 claims against Defendants Crissman and Sheesly shall be, and hereby are, DISMISSED with prejudice, as further amendment of these claims would be futile.

IT IS FURTHER ORDERED that Plaintiff's §1983 Equal Protection Claims against the DOC Defendants in their individual capacities, and Plaintiff's state law negligence claims against Defendants Crissman and Sheesly, are dismissed without prejudice to Plaintiff's right to reassert these claims, if he so chooses, in a Second Amended Complaint. **If Plaintiff opts to file a Second Amended Complaint, that pleading must include <u>ALL claims</u> that Plaintiff intends to pursue (including his currently pending Eighth Amendment §1983 claims), and it must be filed on or before January 28, 2022. In the event Plaintiff declines to file a Second Amended Complaint on or before January 28, 2022, his §1983 Equal Protection claims against the DOC Defendants and his state law negligence claims against Defendants Crissman and Sheesly will be deemed abandoned, and the Court's dismissal of those claims will be converted to a dismissal with prejudice, without further notice.** In the event Plaintiff files a Second Amended Complaint, the DOC Defendants' response shall be due **within 14 days thereafter**.

Finally, IT IS ORDERED that the Report and Recommendation issued by United States Magistrate Judge Richard Lanzillo on October 28, 2021, ECF No. [43], is hereby adopted as the opinion of this Court, to the extent it is consistent with this Memorandum Order.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

cc: Steven W. Woodson, Jr.
MM6796
SCI Forest
P.O. Box 307
286 Woodland Drive
Marienville, PA 16239
(By U.S. mail, First Class)

All counsel of record.
(By CM/ECF)

The Honorable Richard A. Lanzillo
United States Magistrate Judge
(By CM/ECF)